**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2594
_____

SHARON A. FINIZIE,
                              Appellant

v.

SECRETARY UNITED STATES DEPARTMENT OF VETERANS AFFAIRS
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-23-cv-00294)
District Judge:  Honorable Mark A. Kearney
_____

Submitted under Third Circuit L.A.R. 34.1(a)
on May 6, 2024

Before: PORTER, MONTGOMERY-REEVES and ROTH, <u>Circuit Judges</u>

(Opinion filed: August 21, 2024)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

ROTH, Circuit Judge

Sharon Finizie sued her employer, the United States Department of Veterans Affairs (VA), for discrimination and retaliation. The District Court granted the VA's motion for summary judgment. We will affirm.

I.      Background[1]

Finizie, now seventy-one years old, worked at a VA medical center as an infection control nurse (ICN) from 1981 to 1993. In 1993, the VA removed her from that position due to deficient job performance. The VA re-assigned her to a Quality Management (QM) Specialist position, where she worked until she retired in October 2018. Finizie has not worked as an ICN since 1993.

Since 1993, Finizie has repeatedly applied for ICN positions at the VA. When the VA did not select her for those positions, she filed complaints with the Equal Employment Opportunity Commission (EEOC).[2] As the complaints were denied, Finizie regularly sued the VA and usually appealed when she lost.[3]

In June 2017, the VA posted a vacancy for an ICN position. The posting listed as a required qualification, "Recent (within the last two (2) years) Infection Control Experience

---

[1] We write for the parties and therefore recite only those facts pertinent to our decision.
[2] Finizie has filed at least twenty-two complaints with the EEOC against the VA in response to not being hired for ICN positions.
[3] Finizie has filed at least fifteen unsuccessful federal complaints alleging the VA has discriminated or retaliated against her. She has unsuccessfully appealed at least nine of those decisions to this Court.

in a tertiary care facility."[4]  It also listed, as a preferred qualification, "Current infection control experience in a tertiary care facility."[5]

The VA arrived at its hiring decision after conducting a thorough hiring process.  A human resources specialist drafted a posting for the position and selected the preferred qualifications criteria by referring to the Functional Statement for an ICN position.  A health system specialist screened the initial applicant pool for individuals who met the required qualifications, specifically looking for applicants who had recent infection control experience.  That person forwarded three qualified names to the Director of QM, Bruce Boxer, who convened a three-person interview panel.  The VA initially offered the job to a woman in her thirties who had current infection control experience, but she declined the position.  The VA then reposted the vacancy announcement and offered the job to a woman in her forties with current infection control experience.[6]  That woman accepted the position.

Before the ICN position became available, between April 2016 and March 2017, QM management faced several personnel challenges involving numerous employees, including Finizie and Finizie's co-worker, Florence Kocher.  After numerous department-wide allegations of unprofessional behavior in the QM department, QM management had the Administrative Investigation Board (AIB) conduct an investigation into the allegations.

---

[4] Appx. 112.

[5] Appx. 108.

[6] As to the ages of both of these applicants, Finizie generally states that one applicant is "in her 30's" and the other is "in her 40's."  Finizie Br. 9. However, as the District Court stated, "it appears as if Finizie never took discovery of these two women to support her age discrimination claim."  Appx. 35.  A thorough review of the record reveals that Finizie has indeed never provided evidence of the applicants' exact ages.

3

The investigation resulted in numerous QM employees, including several men, receiving written counseling to address unprofessional behavior. The investigation yielded a report which concluded that Finizie and Kocher had collaborated against other employees and that Finizie is not credible. Based on these findings, the VA implemented a plan to reduce workplace disruption. The plan included relocating Finizie to a different office so that she would no longer work near Kocher. The new office happened to be smaller than Finizie's prior office.

In June 2017, Finizie filed a complaint with the EEOC asserting the VA's decision to reassign her office was based upon discrimination and retaliation under Title VII. In November 2017, Finizie filed another complaint with the EEOC, this time arguing that the VA's decision not to hire her for the ICN vacancy was due to discrimination and retaliation in violation of Title VII. In October 2022, the EEOC determined the VA's actions were not unlawful. Finizie filed a complaint in the District Court raising the same arguments. The VA moved for summary judgment. The court granted the motion. Finizie appealed.

II.     Standard of Review[7]

We review a grant of summary judgment de novo, applying the same standard as the district court.[8] Summary judgment is warranted where there is no genuine issue of material fact for the jury to decide.[9]

---

[7] The District Court had subject matter jurisdiction because the case arose under Title VII of the Civil Rights Act of 1964. *See* 42 U.S.C. § 2000e–5(f)(3); 42 U.S.C. § 2000e–16(d); 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291.

[8] *Thomas v. Cumberland Cnty.*, 749 F.3d 217, 222 (3d Cir. 2014).

[9] Fed. R. Civ. P. 56(a); *Physicians Healthsource, Inc. v. Cephalon, Inc.*, 954 F.3d 615, 618 (3d Cir. 2020).

III.    Discussion

Finizie asserts that the District Court erred in granting summary judgment because she demonstrated a prima facie case of sex and age discrimination and retaliation, and the VA's proffered reasons for its actions were pretextual.  We disagree.

A.    Discrimination

We analyze Title VII discrimination claims under the *McDonnell Douglas* burden-shifting framework, which first requires Finizie to establish a prima facie case of discrimination.[10]  To do that, Finizie must show that (1) she belongs to a protected class, (2) she was qualified for the position, (3) the VA took an adverse employment action against her, and (4) the circumstances give rise to an inference of unlawful discrimination.[11]  If Finizie satisfies this burden, the burden shifts to the VA to provide a legitimate, non-discriminatory reason for the alleged adverse employment action.[12]  If the VA does so, the burden shifts back to Finizie to show the VA's reason was pretextual.[13]

As to the VA's decision not to hire Finizie for the ICN position, Finizie fails to establish a prima facie case for sex and age discrimination because she was not qualified

---

[10] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973).

[11] *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 169 (3d Cir. 2013).  In the instance of age discrimination based on a failure to hire, the last element is met where the employer has hired someone similarly situated but sufficiently younger to show a reasonable inference of age discrimination.  *Keller v. Orix Credit All., Inc.*, 130 F.3d 1101, 1108 (3d Cir. 1997).  To belong in a protected class as it pertains to age, the claimant must be forty years of age or older.  *Id*

[12] *McDonnell Douglas Corp.*, 411 U.S. at 802–04; *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 250 (1981).

[13] *Burdine*, 450 U.S. at 256; *see also St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502 (1993).

for the position.[14]  Finizie did not have the reasonable, required qualification of "recent (within the last two (2) years) infection control experience," let alone "[c]urrent" . . . experience."[15]  Finizie also fails to support an inference of unlawful discrimination.  Unlike Finizie, both candidates who were offered the position had recent (and current) infection control experience.  Thus, Finizie was not similarly situated to the other applicants and their hiring does not give rise to an inference of unlawful discrimination.[16]  Finizie offers no other facts from which we can infer unlawful discrimination.[17]

Finizie also fails to make a prima facie case for discrimination as to the VA's decision to reassign her to another office.  Finizie is not the only employee who had to change offices.  The VA relocated employees to reduce workplace distraction.  These circumstances do not give rise to an inference of unlawful discrimination.[18]  But even if

---

[14] Finizie does not identify or develop any arguments that would support a prima facie claim of either sex or age discrimination.  Finizie argues "the qualifications for the positions for which she applied were established in an arbitrary and capricious manner for the purpose of excluding her from consideration," and in "in bad faith."  Finizie Br. 19–29.  This argument fails.  It is reasonable for an employer to require relevant, recent work experience.  Moreover, the issue is not whether the employer made the *best* decision, but whether Finizie shows sufficient evidence of discrimination.  *See Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir. 1994).  She does not.

[15] Appx. 60, 112.

[16] *See Mandel*, 706 F.3d at 169; *Keller*, 103 F.3d at 1108.

[17] Finizie seems to argue that there is a prima facie case of age discrimination because "Kocher affirms that discrimination against older women is rampant at Appellee's facility." Finizie Br. 22.  But Kocher's statements fall short of showing causation.

[18] To the extent Finizie argues the investigation itself was discriminatory, we disagree. Finizie's argument that the AIB withheld or did not consider documents is unsupported by evidence.  Moreover, assuming that were true, Finizie fails to explain how that evidence would undermine the AIB's conclusion.  The VA's management decided that it needed an outside evaluation of the QM department because of, department-wide conduct.  The report made negative conclusions about numerous employees in addition to Finizie.

6

Finizie were able to establish a prima facie case of discrimination, the VA satisfies its "relatively light" burden of providing a non-discriminatory reason for its actions, and it has provided ample evidence to support that reason.[19]  Further, Finizie offers no evidence to show that the VA's reasons were pretextual.  Her discrimination claim fails.

B.      Retaliation

We also analyze retaliation claims under the *McDonnell Douglas* framework.[20] Finizie must first establish a prima facie case of retaliation by showing that (1) she engaged in activity protected by Title VII, (2) the employer took an adverse employment action against her; and (3) there was a causal connection between her participation in the protected activity and the adverse employment action.[21]  If Finizie meets this burden, the burden shifts to the VA to provide a legitimate, non-retaliatory reason for the alleged adverse employment action.[22]  If the VA does so, the burden shifts to Finizie to show that the VA's reason is actually a pretext for retaliation.[23]

Finizie fails to establish a prima facie case of retaliation because she does not show a causal connection between her EEOC activity and the VA's actions.[24]  Finizie provides

---

[19] *See Fuentes*, 32 F.3d at 763.  The VA need not prove the reason actually motivated the adverse employment action because throughout this burden-shifting paradigm "the ultimate burden of proving intentional discrimination always rests with the plaintiff." *Id*. The VA meets this burden both as to its reason for not hiring Finizie for the ICN position, as well as its reason for conducting the investigation and relocating Finizie's office.

[20] *McDonnell Douglas Corp.*, 411 U.S. at 802–04; *see also LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n*, 503 F.3d 217, 231–32 (3d Cir. 2007).

[21] *LeBoon*, 503 F.3d at 231–32.

[22] *McDonnell Douglas Corp.*, 411 U.S. at 802–04

[23] *Id.*

[24] Finizie cannot show that "but for" her filing the EEOC complaints that she would have been hired or the VA would have made different decisions regarding the AIB.  *See*

7

no evidence to show that the timing is unduly suggestive.[25]  Finizie had last filed an EEOC complaint nearly two years before the VA decided to have the AIB evaluate the department. Even more time had passed between her EEOC activity and the VA's hiring decision. Moreover, Finizie fails to provide any evidence which shows retaliatory animus or inconsistencies in the VA's reasons.[26]  Even if Finizie could demonstrate a prima facie case of retaliation, the VA established legitimate, non-retaliatory reasons for its decisions, along with supporting evidence, as explained above.  Moreover, Finizie fails to provide any evidence to show that the VA's reasons are a pretext for retaliation, so this claim also fails.

IV.    Conclusion

For these reasons, we will affirm the judgment of the District Court.

---

*Carvalho-Grevious v. Delaware State University*, 851 F.3d 249, 258 (3d Cir. 2017); *see also Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007).

[25]  *See Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 280 (3d Cir. 2000).

[26] *See See Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 504 (3d Cir, 1997); *Fuentes v. Perskie*, 32 F.3d 759, 765 (3d Cir. 1994).  There is no evidence to show that Boxer, who had recently become a manager in the QM department, even knew about Finizie's prior EEOC activity when deciding to relocate Finizie's office.